HENNEBIQUE CONST. CO. v. URBAN CONST. CO. et al.

(Circuit Court of Appeals, Eighth Circuit. October 12, 1910.)

No. 3,317.

PATENTS (§ 328*)—INFRINGEMENT—CONCRETE CONSTRUCTION.

The Hennebique patent, No. 611,907, for a reinforced concrete construction of joists, girders, and the like, requires the two iron or steel reinforcing bars in the beam and their bent arms to be in the same vertical plane; and as so construed and in view of the further limitations imposed by the prior art, *held* not infringed.

Appeal from the Circuit Court of the United States for the Western District of Missouri.

Suit in equity by the Hennebique Construction Company against the Urban Construction Company and others. Decree for defendants, and complainant appeals. Affirmed.

William B. Whitney and A. C. Paul, for appellant.

Henry S. Conrad (Finley & Lyons, J. Walter Farrar, Frank P. Sebree, and John D. Wendorff, on the brief), for appellees.

Before HOOK and ADAMS, Circuit Judges, and REED, District Judge.

HOOK, Circuit Judge. This is an appeal by the Hennebique Construction Company from a decree dismissing its bill against the Urban Construction Company and others for the infringement of a patent. The patent, No. 611,907, dated October 4, 1898, was issued to Francois Hennebique and relates to what is commonly called "reinforced concrete." More especially is it for a particular arrangement of the iron or steel bars, rods, or strips in the concrete, in the making of girders, joists, or beams. The claims of the patent are as follows:

1. In the construction of joists, girders, and the like of cement strengthened with iron or the like, the inwardly-bent bars 2, 2', 2'', 2''', of which the central branch, 2, is horizontal and arranged in the plane of the bar, 1, which forms the cord of tension of the girder, and of which the arms, 2', are always raised in the same vertical plane and in the direction of the point where they are fitted into the wall, A, or on the supports, C, in order to obtain a better resistance to the increasing breaking strain, while the branch, 2'', is extended into the next span, substantially as described.

2. In the construction of joists, girders, or the like of the kind described, the straight stirrup-pieces, 3, of hoop-iron in a U-form for connecting the bars, 1, and the inwardly-bent bars, 2, 2', 2'', 2''', the said stirrup-pieces being distributed in the girder, substantially as hereinbefore described.

The defenses were invalidity of the patent and noninfringement. In constructing a girder according to the first claim, a straight bar of iron or steel, termed "bar 1," is incased lengthwise in the concrete

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

near and parallel to the lower side or edge of the girder and extending into the walls or supports at either end.   In the mean central part of the girder regarding it longitudinally, and directly over "1", another bar, called "2," is placed, each end of which has an arm, 2', upwardly inclined toward the top side of the girder at the point of its support, a horizontal extension, 2", over the support, and, in the case of a girder of more than one span, a still further extension, 2'''.   Several sets of these bars may be arranged in each girder.   It is claimed by defendants that a French patent obtained by Hennebique for this arrangement has been judicially declared void in that country, that the same arrangement is disclosed by prior patents in the United States, and also that, in view of the state of the art, the mere disposition in a mass of concrete of reinforcing iron or steel bars or strips at places indicated by well-known laws of mechanics does not reach the dignity of invention.   We express no opinion of these defenses, because of our conclusion upon that of noninfringement.

It is stated in the first claim of the patent that bar 2 is "horizontal and arranged in the plane of bar 1, which forms the chord of tension of the girder, and of which the arms, 2', are always raised in the same vertical plane."   The defendants contended, and the trial court held, that the true construction of the claim is that bar 1 at the lower side of the girder, bar 2, parallel to 1, and the upwardly inclined arms, 2', must be in the same vertical plane; and hence there was no infringement, because in defendants' structures bar 2 was placed at the side of 1, not above it, and with the bent upward members, 2', was in a plane horizontal to that of 1.   This arrangement of defendants was not a mere fanciful one; for it appears that, as compared with Hennebique's, it resulted in a saving of metal and an increased mechanical efficiency.

But it is urged by complainant that the first claim of the patent was not correctly construed.   Its construction is that the inclined arms, 2', are "always, or in all their length, to be raised, not vertically, but upwardly at an incline and in one and the same vertical plane," and that they need not be in the vertical plane of bar 1.   We cannot accept this construction.   It clearly appears that the patentee intended there should be a chord of tension in a vertical plane in which all the bars of each set were placed.   In his specifications, which may be resorted to for purpose of illumination, it was said:

"The characteristic of the metallic core or strengthening is the addition to longitudinal bars, 1, arranged parallel to the lower side of the joist, of inwardly-bent bars, 2, 2', 2", 2''', arranged in the same vertical plane."

That the placing of all the bars in the same vertical plane was definitely in the mind of the applicant when his claims were formulated is further shown by this excerpt from the specifications:

"The inclined arms, 2', of this bar (bar 2) are connected with the horizontal bar, 1, by stirrup-pieces, 3, approached more and more closely to each other.   I thus form a triangle of resistence, the apex of which is at the point of divergence of the bars at 2'."

Bars 1 and 2' constitute the side lines of the triangle described, and to properly fit the description should be in the same vertical plane.

Again, the stirrup-pieces which connect them are referred to in complainant's brief as vertical. Moreover, the drawings of the patent plainly show the arrangement as we hold it to be. Hennebique was by no means a pioneer in the art to which his patent relates. The reinforcement of cement structures with metallic rods or strips was old, and necessarily all methods of arrangement must have reference to the strains and stresses to which the completed structure would be subject. The case is not one for a broad application of the doctrine of mechanical equivalents.

Whether Hennebique's studied limitation of the metallic bars to the same vertical plane was self-imposed, or was required by the Patent Office, does not appear. But in either event it is evident the purpose was to exclude the idea of an alternative arrangement. The word "always," in the claim, was undoubtedly used to emphasize the precise arrangement indicated. The claim of a patent is prescribed by statute for the purpose of making the patentee define precisely what his invention is, and it would be an evasion of the law to construe it contrary to the plain import of its terms. A claim narrowed to meet rulings of the Patent Office does not resume its expansiveness when the patent is secured. We think the defense of noninfringement of the first claim of the patent was sustained.

The second claim is construed by complainant to cover a combination of the straight and bent bars of claim 1 with connecting stirrup-pieces of hoop iron in U-form. As defendants did not employ the first two elements arranged according to claim 1, it would seem to follow the second claim was not infringed. Moreover, the use of the stirrup-pieces with bent bars, regardless of a special arrangement of the latter, has been held not original with Hennebique. Hennebique Const. Co. v. Armored Concrete Const. Co. (C. C.) 163 Fed. 300; Id., 94 C. C. A. 577, 169 Fed. 287.

The decree is affirmed.