DRUM v. TURNER.

(District Court, D. Minnesota, F. D.   December 17, 1913.)

1. PATENTS (§ 163*)—CONSTRUCTION—ESTOPPEL BY ACQUIESCENCE IN REJECTION OF CLAIMS.

Where a patentee acquiesced in the rejection of claims in his application on the ground that they were anticipated by a prior patent, he is estopped to claim that the patent as granted covers the construction shown by such prior patent.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 238; Dec. Dig. § 163.*]

2. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—CONCRETE FLOORING.

The Norcross patent, No. 698,542, for a reinforced concrete flooring, claim 2, held void for anticipation or as for a function; and claims 1, 3, and 4 not infringed.

In Equity. Suit by John L. Drum against Claude A. P. Turner. On final hearing.   Decree for defendant.

Paul & Paul, of Minneapolis, Minn., for plaintiff.
C. J. Williamson, of Washington, D. C., for defendant.

WILLARD, District Judge.   [1] Norcross' specification shows that the only form of metallic network which he had in mind was that made by strips of suitable wire netting.   This appears in several places.   Page 2, lines 12, 96, 125; page 3, lines 17, 73.   It perhaps is not important, save as it shows why Norcross yielded so readily to the contention of the examiner that the original claims 1, 2, and 3 of his patent were

anticipated by the patent to Seely. That the examiner did hold that they were so anticipated admits of no doubt. He could not have rejected them, except on the theory that the iron beams of Seely constituted metallic network. Whether they did or not is not now material. If the examiner so contended and Norcross accepted that contention, he is estopped from now claiming that his patent covers the devices disclosed in the reference cited by the examiner which *the latter believed* were within the limits of the claims first presented. National Hollow Brake Beam Co. v. Interchangeable Brake Beam Co., 106 Fed. 693, 714, 45 C. C. A. 544. That the examiner was wrong in his contention is not important. Johnson Furnace & Engineering Co. v. Western Furnace Co., 178 Fed. 819, 102 C. C. A. 267.

It has been frequently said that the general rules for the interpretation of a contract govern the construction of a patent. If this case were cast into the form of a contract by letter between two individuals, the correspondence would take this shape: Norcross writes to a manufacturer saying that he wishes to make a contract by which the manufacturer will be obliged to furnish him all the metallic network which Norcross' factory requires for the coming year. The manufacturer writes that he cannot furnish I-beams for that purpose. Norcross thereupon says that he does not want rolled iron in any form; he wants metallic network formed by strips of wire netting. The manufacturer accepts the proposition so modified. Later Norcross sues the manufacturer for refusing to deliver to him rolled iron rods under the contract. Although Curtis says (page 231, Plff.'s Rec.) that iron rods do not correspond to the material which Norcross had in mind when he used the term "any class of rolled iron work," yet it seems apparent that Norcross would fail in his suit.

The question is not whether Norcross, after limiting his claim as he did, is entitled to the equivalents of the claim so limited. It is rather whether or not a certain equivalent has been by him expressly abandoned to the public. His acquiescence in the rejection of his claim, coupled with his express statement that "one special object of the applicant's invention is to dispense with the use of rolled iron of all forms, and to employ wire netting in place thereof," can indicate nothing less than that he gave up to the public the right to use any form of rolled iron in concrete flooring. In other words, his own statement indicates that his *invention* consists in part of a substitution of wire netting for all forms of rolled iron. Having so limited it, and the patent having been secured, the claim cannot now resume its original expansiveness. Hennebique Const. Co. v. Urban Const. Co., 182 Fed. 496, 105 C. C. A. 257.

I have examined all the cases cited by the plaintiff in his additional brief. In no one of them do I find the same combination of elements of estoppel as appear in the case at bar. The latest case in the Circuit Court of Appeals in this circuit is O'Brien-Worthen Co. v. Stempel, 209 Fed. 847, December 11, 1913.

[2] The first claim of the Norcross patent is therefore not infringed. Claims 3 and 4 must follow the fortunes of claim 1.

Claim 2 is as follows:

"A flooring resting on separated supports and consisting of. concrete with metallic network so arranged therein that the amount of metal will be greatest at the points where the greatest tensile and shearing strains are to be supported."

I have seen no testimony in the plaintiff's record relating to this claim, except that found in the cross-examination of his witness Carter. ' The plaintiff's brief of 193 pages devotes less than a page to this claim. Carter said (page 38):

"Claim 2 appears to be, in effect, a broad claim on a flat slab construction of reinforced concrete flooring that is limited only by the requirement as to the arrangement of the reinforcement, that it shall be such as to provide the greatest amount of metal at the points where the greatest tensile and shearing strains are to be supported."

And again on page 42:

"XQ96. Has not Norcross in claim 2 set forth the placing of the metal at the points which in practice would be the natural ones to place it for the resistance of the greatest tensile and greatest shearing strains? A. I think so, assuming a knowledge on the part of the designer of what these points are. They are certainly the proper points."

What was said in Hildreth v. Lauer & Suter Co. (D. C.) 204 Fed. 792, at page 797, applies here:

"Plaintiff's fourth claim appears to be for any way of accomplishing a particular result. If it is, it would appear to be a claim for a function or an operation of a machine."

If this claim is intended to be limited to the massing of the material at the center of the span, as may be inferred from the specification, page 2, line 124, page 3, line 84, and figure 4, it is anticipated by the patent to Ransome. In either event it is void.

Let the bill be dismissed, with costs.